UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DRAW and RODNEY RICKS,

    Plaintiffs,

v.                                                                            Case No. 04-73940
                                                                            Hon. Victoria A. Roberts

CITY OF LINCOLN PARK, WILLIAM KISH,
JOSEPH LAVIS, DOUGLAS MUNCEY,
and MOHAMED NASSER,

    Defendants.
_____

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Cross Motions. For the following reasons, the Court **GRANTS** Defendants' Motions for summary judgment and **DENIES** Plaintiff's Motion for summary judgment.

**II.    BACKGROUND**

This action arises out of injury to the Plaintiffs, caused when the driver of a car engaged in a drag race, lost control and veered into a crowd of spectators, striking and injuring these Plaintiffs and killing another, Denise Jones. The operative facts are sufficiently set forth in *Jones v. Reynolds*, 438 F.3d 685 (6th Cir. 2006).

Plaintiffs filed a Complaint on October 7, 2004. They allege: (1) violation of

Plaintiffs substantive due process rights pursuant to 42 USC §1983, against Defendant Officers; (2) violation of Plaintiffs' substantive due process rights pursuant to 42 USC §1983, against the City of Lincoln Park; and, (3) violation of Equal Protection pursuant to 42 USC §1983, against the City of Lincoln Park.

On October 7, 2005, Defendant City filed a Motion for summary judgment. Defendant Officers filed a Motion for summary judgment on November 18, 2005. Plaintiffs moved for summary judgment in their Response.

### III. STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### IV. APPLICABLE LAW AND ANALYSIS

All of Plaintiffs' claims are pursuant to 42 USC §1983. Section 1983 provides, in relevant part:

2

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen...the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To state a viable claim under 42 USC §1983, plaintiffs must produce evidence that: (1) they were deprived of a right, privilege, or immunity secured by the federal Constitution or law of the United States; and (2) the deprivation was caused by a person acting under the color of state law." *Upsher v. Grosse Pointe Public School System*, 285 F.3d 448, 452 (6th Cir. 2002).

"To hold a municipality liable for a violation of §1983, a plaintiff must show that the constitutional violation resulted from a governmental policy or custom...such a showing requires demonstrating a direct causal link between official action and the deprivation of rights, such that the deliberate conduct of the governmental body is the moving force behind the alleged injury." *Waters v. City of Morristown, Tennessee*, 242 F.3d 353, 361-362 (6th Cir. 2001)(citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). "Municipal liability cannot be based on the theory of respondeat superior." *Id.* at 362.

### A. Defendant Officers

Plaintiffs fail to establish that the alleged constitutional deprivation was caused by a person acting under color of state law.

The only theory set forth by the Plaintiffs is that the Defendant Officers created a zone of danger by allowing the drag race to occur. [Complaint, ¶27]. Plaintiffs attempt to proceed on a "state created danger" theory of liability. "To show a state created danger, plaintiff must show: (1) an affirmative act by the state which either created or

3

increased the risk that the plaintiff would be exposed to an act of violence by a third party; (2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and (3) the state knew or should have known that its actions specifically endangered the plaintiff." *Cartwright v. Marine City*, 336 F.3d 487, 493 (6th Cir. 2003).

In *Jones, supra*, the Sixth Circuit affirmed this Court's ruling that under the operative facts of this case, there is no state created danger. The *Jones* court found that the acts of the Defendant Officers did not amount to an affirmative act and they did not create a specific risk to any individual.

These Plaintiffs fail to allege an affirmative act different from that alleged in *Jones*. In their Complaint, Plaintiffs contend Defendant Officers were present during the drag race, informed the crowd they were not there to arrest anyone, told the participants to "go ahead with the race," and did not take steps to prevent the race from occurring. These are identical to the facts alleged in *Jones*.

The *Jones* court also denied liability because the Defendant Officers did not specifically place the plaintiff in danger. In this case, Plaintiffs fail to allege that they were specifically placed in danger separate from the general danger that all of the spectators were in. In fact, Plaintiffs allege that they were in the same danger as everyone else in the vicinity. [Complaint, ¶¶30 and 35].

Pursuant to *Jones*, Defendant Officers are entitled to judgment as a matter of law.

### B. Defendant City of Lincoln Park

Plaintiffs' claims against the City of Lincoln Park also fail as a matter of law

because "[t]he determination that the City's officials did not violate the plaintiffs' constitutional rights resolves the claim against the City as well." *Jones*, 438 F.3d at 698. Because the Defendant Officers did not violate Plaintiffs' constitutional rights, the potential for derivative liability arising out of City policies or customs is eliminated. *Id.* See also *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

## V. CONCLUSION

Accordingly, Defendants' Motions for summary judgment are **GRANTED** and Plaintiff's Motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

                                        **S/Victoria A. Roberts**
                                        **Victoria A. Roberts**
                                        **United States District Judge**

**Dated: July 5, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 5, 2006.**
>
> **S/Carol A. Pinegar**
> **Deputy Clerk**